O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2480 CAS (SSx) | Date | July 14, 2008 |
|---|---|---|---|
| Title | Rick Siegel v. Edmund G. Brown, et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| PAUL SONGCO | LAURA ELIAS | | |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | | |
| Rick Siegel (Pro Se) | Robert Villalovos | | |

**Proceedings:** **MOTION TO DISMISS** (filed 06/06/08)

**I. INTRODUCTION**

Plaintiff Rick Siegel is a personal manager who represents actors, writers, and other artists in the entertainment industry. Compl. ¶ 14. Siegel also owns Marathon Entertainment, Inc. ("Marathon"), a personal management company. Id. On April 15, 2008, appearing pro se, Siegel filed the instant complaint against Angela M. Bradstreet, California State Labor Commissioner, in her official capacity.[1] The complaint asserts a claim under 42 U.S.C. §§ 1983 et seq. ("section 1983") for violation of Siegel's rights under Fourteenth Amendment to the United States Constitution, and a claim for declaratory relief pursuant to 28 U.S.C. §§ 2201 et seq. ("section 2201"). The gravamen of the complaint is that California's Talent Agencies Act (the "TAA"), Cal. Lab. Code §§ 1700 et seq., is unconstitutional as applied to Siegel.

On June 6, 2008, defendant Bradstreet filed the instant motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Siegel filed his opposition thereto on June 26, 2008. Defendant filed her reply on July 7, 2008. A hearing was held on July 14, 2008. After carefully considering the parties' arguments, the Court finds and concludes as follows.

---

[1] The complaint also named Edmund G. Brown, Jr., the California Attorney General, as a defendant. However, on May 20, 2008, Siegel filed a notice of dismissal as to defendant Brown.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2480 CAS (SSx) | Date | July 14, 2008 |
|---|---|---|---|
| Title | Rick Siegel v. Edmund G. Brown, et al. | | |

## II.     BACKGROUND

### A.     THE TAA

The TAA regulates the conduct of talent agencies that represent artists.[2]  See Cal. Lab. Code §§ 1700 et seq.  "Talent agency" is defined, with some exceptions, as "a person or corporation who engages in the occupation of procuring, offering, promising, or attempting to procure employment or engagements for an artist or artists."  Cal. Lab. Code § 1700.4.  This definition "does not cover other services for which artists often contract, such as personal and career management (i.e., advice, direction, coordination, and oversight with respect to an artist's career or personal or financial affairs)."  Styne v. Stevens, 26 Cal. 4th 42, 51 (2001).  However, "the [TAA] [does] extend[] to individual incidents of procurement."  Marathon Entertainment, Inc. v. Blasi, 42 Cal. 4th 974, 988 (2008).  Thus, the TAA can also cover personal managers, like Siegel, if they solicit and procure employment on behalf of artists.  See id. at 989 (stating that to the extent that personal managers engage in the conduct described by the TAA, they may be subject to its provisions).  The TAA requires a talent agency, or a personal manager who solicits and procures employment for artists, to obtain a license from the Labor Commissioner.  Cal. Lab. Code § 1700.5 ("No person shall engage in or carry on the occupation of a talent agency without first procuring a license therefor from the Labor Commissioner.").

---

[2] The TAA defines artists as

> actors and actresses rendering services on the legitimate stage and in the production of motion pictures, radio artists, musical artists, musical organizations, directors of legitimate stage, motion picture and radio productions, musical directors, writers, cinematographers, composers, lyricists, arrangers, models, and other artists and persons rendering professional services in motion picture, theatrical, radio, television and other entertainment enterprises.

Cal. Lab. Code § 1700.4(b).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2480 CAS (SSx) | Date | July 14, 2008 |
|---|---|---|---|
| Title | Rick Siegel v. Edmund G. Brown, et al. | | |

The TAA does not, however, specify the proper remedy for a violation of this provision, i.e., for the unlawful procurement of employment on behalf of an artist. In Blasi, the California Supreme Court recognized that notwithstanding the TAA's silence in this regard, when a personal manager engages in unlawful procurement, the Labor Commissioner may void the manager-artist contract. Blasi, 42 Cal. 4th at 994-95. However, the Labor Commissioner is not required to void the contract in its entirety; instead, the Labor Commissioner may apply the doctrine of contract severability to enforce parts of the contract. Id. at 996.

### B.    SIEGEL'S PRIOR STATE COURT ACTIONS

In 2002, Siegel and Marathon filed three civil actions in the Los Angeles County Superior Court, against a former client who had failed to pay them in accordance with their contracts.[3]

Specifically, Siegel and Marathon filed suit against Nia Vardalos for money allegedly due them under the parties' oral personal management contract. Opp'n at 4. Vardalos defended by filing a petition with the Labor Commissioner pursuant to Cal. Lab. Code § 1700.44(a), alleging that Siegel and Marathon secured employment for Vardalos without a talent agent's license. Compl. ¶ 14; Def.'s Request for Judicial Notice ("RJN"), Ex. F (Labor Commission Decision (Vardalos)) at 1. Vardalos argued that the parties' agreement was void ab initio and therefore unenforceable. Id. at 2. The Labor Commissioner agreed, finding that Siegel and Marathon violated Cal. Lab. Code § 1700.5 by engaging in the occupation of a talent agency without a license. Id. at 8. The

---

[3] Under Fed. R. Evid. 201, a court may take judicial notice of "matters of public record." Mack v. South Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir.1986). Accordingly, the Court takes judicial notice of Marathon Entertainment, Inc. v. Blasi, 42 Cal. 4th 974, 988 (2008), and Marathon Entertainment, Inc. v. Hayes, 2005 Cal. App. Unpub. LEXIS 10487 (2005), for purposes of defendants' Fed. R. Civ. P. 12(b)(1) motion only. The Court also takes judicial notice of exhibits E-G of defendant's request for judicial notice. See Def.'s RJN, Ex. E (Labor Commissioner's Decision (Blasi)); Ex. F (Labor Commissioner's Decision (Vardalos)); Ex. G (Labor Commissioner's Decision (Hayes)).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2480 CAS (SSx) | Date | July 14, 2008 |
|---|---|---|---|
| Title | Rick Siegel v. Edmund G. Brown, et al. | | |

Labor Commissioner concluded that this TAA violation rendered the oral agreement between Vardalos, Siegel, and Marathon void, and unenforceable in all respects. Id. Siegel and Marathon then settled their claims with Vardalos. Opp'n at 4.

On June 10, 2002, Siegel and Marathon filed suit against actor Reggie Hayes to recover money allegedly due under the parties' contract. Compl. ¶ 14; Marathon Entertainment v. Hayes, 2005 Cal. App. Unpub. LEXIS 10487, at *6 (2005); Opp'n at 3. Hayes defended by obtaining a stay of the state court proceedings, and filing a petition with the Labor Commissioner. Compl. ¶ 14; Hayes, 2005 Cal. App. Unpub. LEXIS 10487, at *6. The petition alleged that Siegel and Marathon had violated the TAA by soliciting and procuring employment on Hayes' behalf without a talent agency license, and that therefore the parties' contract was illegal and unenforceable. Hayes, 2005 Cal. App. Unpub. LEXIS 10487, at *6; Def.'s RJN, Ex. G (Labor Commissioner Decision (Hayes)) at 1-2. The Labor Commissioner, however, "found that the evidence showed that Marathon's procurement activities were at the request of, and in conjunction with, a licensed talent agency, and therefore within the safe harbor provision of the TAA." Hayes, 2005 Cal. App. Unpub. LEXIS 10487, at *6-7; Def.'s RJN, Ex. G (Labor Commissioner Decision (Hayes)) at 6-7.

Hayes then filed a notice of appeal from the Labor Commissioner's determination. Hayes, 2005 Cal. App. Unpub. LEXIS 10487, at *7. In the civil action, Hayes filed an answer asserting several affirmative defenses, including oral modification of the contract (which allowed Hayes to terminate the parties' contract without any future obligation), and invalidity of the contract due to Marathon's violation of the TAA. Id. Siegel and Marathon moved for summary adjudication of Hayes's affirmative defense based on the TAA, arguing that the TAA is unconstitutional. Id. The trial court denied the motion for summary adjudication. Id. A jury trial was then held. Id. at *8-9. The trial court required Marathon to elect between arguing either that there was not a valid modification of the contract, or that the parties agreed to modify the contract and that Hayes failed to fulfill his obligations under the modified agreement. Id. at *12-13. Marathon elected the latter argument, and conceded that a jury instruction on contract modification was not necessary. Id. at *13. The jury ultimately found that Hayes did not breach the contract, that Hayes paid Marathon for the full value of the benefit he received, and that "Marathon had procured or attempted to procure employment for Hayes, and not every procurement or attempted procurement was done in conjunction with, and at the request of, a licensed

Case 2:08-cv-02480-CAS-SS Document 25 Filed 07/14/08 Page 5 of 15 Page ID #:206

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 08-2480 CAS (SSx) | Date | July 14, 2008 |
|---|---|---|---|
| Title | Rick Siegel v. Edmund G. Brown, et al. | | |

talent agent in the negotiation of an employment contract." Id. at *14-15. The trial court entered judgment in favor of Hayes, and Marathon appealed. Id. at *15.

The California Court of Appeal held that by withdrawing its proposed contract modification jury instruction, Marathon waived its right to argue on appeal that the instruction should have been given. Id. at *15-16. The court found that in light of this ruling, it was unnecessary to reach Marathon's constitutionality arguments, which concerned Hayes' alternative defense to the breach of contract action based on Marathon's alleged violation of the TAA. Id. at *20.

Finally, in 2002, Siegel and Marathon also filed suit against Rosa Blasi based on Blasi's alleged failure to pay them in accordance with the parties' personal management contract. Compl. ¶ 14; Marathon Entertainment, Inc. v. Blasi, 42 Cal. 4th 974, 981 (2008); Opp'n at 4. Blasi defended by obtaining a stay of the state court proceedings, and filing a petition with the Labor Commissioner pursuant to Cal. Lab. Code § 1700.44(a), alleging that Siegel and Marathon had violated the TAA by soliciting and procuring employment on her behalf without a talent agency license. Compl. ¶ 14; Blasi, 42 Cal. 4th at 981; Def.'s RJN, Ex. E (Labor Commissioner Decision (Blasi)) at 1-2. The Labor Commissioner found that Siegel and Marathon had violated § 1700.5 of the TAA. Blasi, 42 Cal. 4th at 981; Def.'s RJN Ex. E (Labor Commissioner Decision (Blasi)) at 7. The Commissioner voided the parties' contract ab initio. Id. Marathon, but not Siegel, then appealed to the Superior Court for a trial de novo pursuant to Cal. Lab. Code § 1700.44(a). Blasi, 42 Cal. 4th at 981; Def.'s RJN, Ex. E (Labor Commissioner Decision (Blasi)) at *7-8. Marathon also amended its complaint to challenge the constitutionality of the TAA. Blasi, 42 Cal. 4th at 981-82. Marathon alleged that invalidating the contracts of personal managers who solicit or procure employment for artists without a talent agency license, violated the managers' due process, equal protection, and free speech rights under the California and United States Constitutions. Id. at 982.

Blasi moved for summary judgment on the ground that Marathon's TAA violation rendered the personal management contract illegal, and therefore unenforceable in its entirety. Id. Marathon filed a cross-motion for summary adjudication on its claims of the TAA's unconstitutionality. Id. The trial court granted Blasi's motion for summary judgment, denied Marathon's cross-motion, and entered judgment in favor of Blasi on November 3, 2004. Id. Marathon appealed to the California Court of Appeal. Id. The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2480 CAS (SSx) | Date | July 14, 2008 |
|---|---|---|---|
| Title | Rick Siegel v. Edmund G. Brown, et al. | | |

Court of Appeal agreed with the trial court that the TAA applies to personal managers, as well as to talent agents. Id. However, it concluded that under the doctrine of severability of contracts, there was a triable question of fact as to whether Blasi's obligation to pay Marathon could be severed from the unlawful parts of the parties' contract. Id. The California Court of Appeal declined to address Marathon's constitutional argument, "premised on its interpretation that [California law] prohibits the severance of contracts of personal managers who violated the [TAA]," in light of the court's "rejection of that widespread interpretation." Id.

The California Supreme Court in Blasi, then granted review as to whether the TAA applied to personal managers and whether, when a manager has unlawfully procured employment, the doctrine of severability can be applied to permit some recovery. Id. The Court answered both questions in the affirmative. Id. at 999.

Siegel and Marathon ultimately settled their claims against Blasi. Compl. ¶ 4.

**C. SIEGEL'S INSTANT SUIT**

In the present action, Siegel challenges the constitutionality of the TAA. In his complaint, Siegel concedes that Cal. Lab. Code § 1700.5 is facially constitutional. Id. ¶ 31. However, Siegel alleges that the application of the TAA is unconstitutional. Id. ¶¶ 32, 37. In this regard, Siegel alleges that it is not clear who is subject to the TAA.[4] Id. ¶¶

---

[4] Siegel alleges that

> [A]s applied by California, § 1700.5 does not regulate an occupation: it "regulates conduct, not labels; it is the act of procuring (or soliciting), not the title of one's business, that qualifies one as a talent agency and subject one to the Act's licensure and related requirements." Marathon Supra at 10. This interpretation, which wrongly accepts the terms "occupation" and "conduct" as synonymous, renders such enforcement unconstitutional.

Compl. ¶ 32. According to Siegel, "applying § 1700.5 to those who hold themselves out as being in an occupation other than a talent agent, either licensed or unlicensed, cannot

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2480 CAS (SSx) | Date | July 14, 2008 |
|---|---|---|---|
| Title | Rick Siegel v. Edmund G. Brown, et al. | | |

32-34. Siegel also alleges that because the TAA does not define the term "procurement," it does not provide fair warning of the prohibited conducted. Id. ¶ 35. Additionally, Siegel attacks the application of the TAA because the statute does not give notice of the penalty for engaging in prohibited conduct. Id. ¶¶ 8, 20-27. He further alleges that applying the TAA to personal managers is violative of the equal protection clause of the Fourteenth Amendment. Id. ¶ 69. Specifically, Siegel alleges that by applying the TAA to personal managers, California enforces the TAA differently than other statutes regulating occupations. Id. ¶¶ 54-69. According to Siegel, these other statutes are only applied to the persons engaged in the particular occupation referenced by the statute. Id. Siegel contends that the Labor Commissioner's application of the TAA has or in the future will deprive him of property, i.e., his contracts.[5]

### III. LEGAL STANDARD

#### A. FED. R. CIV. P. 12(b)(1)

A motion to dismiss an action under Federal Rule of Civil Procedure 12(b)(1) raises the question of the federal court's subject matter jurisdiction over the action. The objection presented by this motion is that the court has no authority to hear and decide the case. This defect may exist despite the formal sufficiency of the allegations in the complaint. See T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D. N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964) (the formal allegations must yield to the substance of the claim when a motion is filed to dismiss the complaint for lack of subject matter jurisdiction). When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

---

pass constitutional muster." Id. ¶ 34.

[5] Allegations of past harm are predicated on the Blasi, Hayes, and Vardalos contracts. Compl. ¶ 18. With respect to future harm, the Siegel alleges that "[he] is currently owed money by another ex-client, Wendy Walsh, and concerned [sic] any effort to enforce his contractual rights will be similarly rebuffed." Id.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2480 CAS (SSx) | Date | July 14, 2008 |
|---|---|---|---|
| Title | Rick Siegel v. Edmund G. Brown, et al. | | |

The burden of proof in a Rule 12(b)(1) motion is on the party asserting jurisdiction. See Sopcak v. Northern Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000). If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous. See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, pp. 211, 231 (3d ed. 2004). On the other hand, if jurisdiction is based on diversity of citizenship, the pleader must show real and complete diversity, and also that his asserted claim exceeds the requisite jurisdictional amount of $75,000. See id.

**B.    FED. R. CIV. P. 12(b)(6)**

A Fed. R. Civ. P. 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2480 CAS (SSx) | Date | July 14, 2008 |
|---|---|---|---|
| Title | Rick Siegel v. Edmund G. Brown, et al. | | |

    Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.  In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

    For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6).  United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

    As a general rule, leave to amend a complaint which has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

**IV.    DISCUSSION**

    Defendant moves to dismiss Siegel's complaint for three reasons.  First, defendant argues that Siegel lacks standing to sue.  Next, defendant argues that Siegel's claims are barred by reason of Rooker v. Fid. Trust Co., 263 U.S. 413, 416 (1923), D.C. Court of Appeals v. Feldman, 460 U.S. 486-87 (1983) ("the Rooker-Feldman doctrine").  Finally, defendant argues that Siegel has failed to state claims for which relief may be granted.

    **A.    Standing**

    First, defendant argues that Siegel lacks standing to bring this suit.  Defendant argues that to establish Article III standing, Siegel must demonstrate (1) concrete injury in fact, (2) a causal connection between that injury and defendant's allegedly wrongful conduct, and (3) a likelihood that a favorable decision will redress that injury.  See Lujan

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2480 CAS (SSx) | Date | July 14, 2008 |
|---|---|---|---|
| Title | Rick Siegel v. Edmund G. Brown, et al. | | |

v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Defendant argues that Siegel has not shown injury in fact. Specifically, according to defendant, Siegel's alleged injuries derive from the three cases previously decided against Marathon by the Labor Commissioner, and those cases are not subject to further judicial review. Defendant further argues that although Siegel alleges that he will suffer future injury because a former client presently owes him money, Siegel does not allege that there is any pending dispute before the Labor Commissioner. Defendant argues that because there is no pending dispute before the Labor Commissioner, Siegel has also failed to show the requisite causal connection between his alleged injury and the Labor Commissioner's allegedly unlawful conduct. Defendant contends that, in light of the fact that this case challenges the "Labor Commissioner's future conduct regarding a dispute for which no . . . facts are known," Siegel has failed to demonstrate likelihood of redressability. Mot. at 14. Finally, defendant argues that in an action under section 1983 for injunctive relief, the plaintiff must show the threat of repeated injury. Defendant urges that Siegel cannot demonstrate a threat of such imminent harm.

Siegel responds that he has standing to prosecute this action because by interfering with and/or impairing his contractual rights, the Labor Commissioner caused him injury. Siegel maintains that if he succeeds herein, "future breach of contract actions can be adjudicated in a Superior Court without the stay for the administrative conflict to be resolved," and there will no longer be any "constitutional questions about the inappropriateness of pronouncing penalties without proper statutory guidelines." Opp'n at 12.

The Court finds that Siegel has shown injury sufficient to confer standing. The Labor Commissioner has previously applied the TAA to Siegel, a personal manager, and it is clear that it may be applied to him in the future.

    **B.    The Rooker-Feldman Doctrine**

Next, defendant contends that the instant action is a collateral attack on a prior state court judgment entered against Siegel. As such, defendant argues that, under the Rooker-Feldman doctrine, this Court has no jurisdiction over Siegel's claims.

Siegel argues that the Rooker-Feldman doctrine has no application here.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2480 CAS (SSx) | Date | July 14, 2008 |
|---|---|---|---|
| Title | Rick Siegel v. Edmund G. Brown, et al. | | |

The Court finds that the Rooker-Feldman doctrine does not apply. Here, Siegel is seeking prospective relief only, and it does not appear that he asking this Court to re-adjudicate his prior contract claims. Further, Siegel never previously raised his as-applied challenge to the TAA. Therefore, it is clear that Siegel is not challenging any state court judgment. See Van Harken v. City of Chicago, 103 F.3d 1346, 1349 (7th Cir. 1997) ("Insofar as the plaintiffs merely seek a declaration that the procedures under which the parking charges against them were, or in the case of those members of the class whose cases have not yet been heard will be, adjudicated are constitutionally inadequate, they are not barred by Rooker-Feldman because they are not challenging the judgment in any parking case."); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 221 (9th Cir. 1994).

### C. Failure to State a Claim

To state a claim against an individual pursuant to section 1983 a plaintiff must allege: "(1) a violation of rights protected by the federal Constitution or created by federal statutes or regulations, (2) proximately caused (3) by the conduct of a 'person' (4) who acted under color of [law]." Martin A. Schwartz, 1A Section 1983 Litigation Claims and Defenses § 1.04(A) (4th ed. 2007) (internal citations omitted).

Defendant argues that Siegel has failed to state a claim under section 1983. In this regard, defendant raises two arguments. First, defendant argues that there is no state action because the Labor Commissioner did not act affirmatively, but merely exercised her adjudicatory authority to resolve controversies under the TAA. Second, defendant argues that there is no constitutional deprivation for which prospective relief may be granted.

It appears that because the Labor Commissioner is acting in an adjudicatory capacity, she is not a proper party to this suit. In Grant v. Johnson, 15 F.3d 146 (9th Cir. 1994), the Ninth Circuit, following the First Circuit's approach in In re Justices of Supreme Court of Puerto Rico, 695 F.2d 17 (1st Cir. 1982), found that whether judges are proper defendants in a section 1983 action depends on whether they are acting as adjudicators or as administrators, enforcers, or advocates. Grant, 15 F.3d at 148. The Ninth Circuit in Grant held that "judges adjudicating cases pursuant to state statutes may

Case 2:08-cv-02480-CAS-SS   Document 25   Filed 07/14/08   Page 12 of 15   Page ID #:213

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2480 CAS (SSx) | Date | July 14, 2008 |
|---|---|---|---|
| Title | Rick Siegel v. Edmund G. Brown, et al. | | |

not be sued under § 1983 in a suit challenging [a] state law." Id. There, the plaintiff brought suit against a state court judge who had appointed a guardian ad litem for her, challenging the constitutionality of an Oregon statute which "permitted a judge to appoint a temporary guardian without notice or hearing." Id. at 147. The court found that because there was "no doubt that [the judge] acted in an adjudicative capacity by appointing a guardian for [the plaintiff] upon the application of a third party," he was not a proper defendant to the section 1983 action.[6] Id. at 148 ("We agree with these decisions holding that judges adjudicating cases pursuant to state statutes may not be sued under § 1983 in a suit challenging the state law.").

     The Labor Commissioner appears to have both investigatory and adjudicatory functions. In Preston v. Ferrer, 128 S. Ct. 978 (2008), the United States Supreme Court recognized that "in proceedings under § 1700.44(a), the Labor Commissioner functions not as an advocate advancing a cause before a tribunal authorized to find the facts and apply the law; instead, the Commissioner serves as impartial arbiter." Id. at 987 (appeal from state court judgment, which required all disputes under the TAA to be submitted to the Labor Commissioner regardless of an arbitration provision in the parties' contract in a case involving artist's allegations that his attorney acted as an unlicensed talent agent). Here, the complaint attacks the defensive use of the TAA by Siegel's former clients. These clients seek to have their contracts voided by initiating proceedings pursuant to Cal. Lab. Code § 1700.44(a) before the Labor Commissioner. Because the Labor Commissioner acts as an adjudicator in such proceedings, she is not a proper defendant to

---

    [6] The Ninth Circuit in Grant also observed that a litigant might be able to file suit against a private party to challenge the constitutionality of a state law:

> While a private party may not be a "state actor" for purposes of § 1983, the existence of the state statute and necessary involvement of a state judge could well provide the "state action" necessary to present a constitutional question suitable for decision in federal court.

Grant, 15 F.3d at 149 (noting that in Shelley v. Kraemer, 334 U.S. 1 (1948), involving an action between two private parties, the Supreme Court found that the enforcement of racially restrictive covenants deprived the plaintiffs of their constitutional rights).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2480 CAS (SSx) | Date | July 14, 2008 |
|---|---|---|---|
| Title | Rick Siegel v. Edmund G. Brown, et al. | | |

this section 1983 suit.[7]

In addition, the Court finds that Siegel's claims fail on the merits. The only allegations concerning the TAA's application to Siegel are found at paragraphs 14 and 18 of the complaint. Paragraph 14, alleges that the Blasi action,

> was just one of three times a former client first withheld owed commissions and when faced with a breach of contract action, petitioned the CLC [Labor Commissioner] alleging a violation of § 1700.5 and asking for the disgorgement ab initio of their manager/client contracts and thereby freeing them of their otherwise owed financial obligations.

Compl. ¶ 14. Paragraph 18 alleges that the "CLC rendered Siegel's company unable to enforce its contract with one client" and a jury forced it "to disgorge its contract with another" client. Id. ¶ 18. These allegations are insufficient, as a matter of law, to give rise to an as-applied challenge under section 1983.[8]

Nor cannot it be said that the TAA failed to put Siegel, a person, on notice that the TAA would apply to him if he procured or solicited employment for artists. This is because the TAA clearly states that a "talent agency," is "a person or corporation who

---

[7] In his opposition, Siegel argues that "[w]hile private parties rather than a government body initiates the TAA controversies, the Labor Commissioner is under no requirement to agree to intercede." Opp'n at 12. As such, Siegel argues that it is the Labor Commissioner's "agreement to adjudicate . . . that creates the deprivation of rights that allows for an action under § 1983." Id. at 12. In so arguing, however, Siegel ignores the express words of Cal. Lab. Code § 1700.44(a), which states that

> [i]n cases of controversy arising under this chapter, the parties involved shall refer the matters in dispute to the Labor Commissioner, who shall hear and determine the same, subject to an appeal within 10 days after determination, to the superior court where the same shall be heard de novo.

[8] In this regard, the Court notes the complaint does not describe Siegel's conduct.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2480 CAS (SSx) | Date | July 14, 2008 |
|---|---|---|---|
| Title | Rick Siegel v. Edmund G. Brown, et al. | | |

engages in the occupation of" procuring or soliciting employment for an artists.[9] Cal. Lab. Code § 1700.4.

The Court also finds Siegel's contention that the TAA's application is unconstitutional because it does not state the consequences for engaging in prohibited conduct to be without merit. The TAA makes it illegal to procure employment for an artist without a license. Thus, it "defines conduct, and hence contractual arrangements, that are illegal." Marathon Entertainment, Inc. v. Blasi, 42 Cal. 4th 974, 991 (2008). Where a contract is made between parties to do an illegal act, the contract is void. See Cal. Civ. Code § 1598 ("Where a contract has but a single object, and such object is unlawful, whether in whole or in part, or wholly impossible of performance, or so vaguely expressed as to be wholly unascertainable, the entire contract is void."); Cal. Civ. Code § 1599 ("Where a contract has several distinct objects, of which one at least is lawful, and one at least is unlawful, in whole or in part, the contract is void as to the latter and valid as to the rest."). As such, it is quite clear that a contract to procure employment for an artist without a license will be unenforceable unless severance is available. For this reason, it cannot be said that applying the TAA to Siegel deprives him of his property without due process of law.

Finally, Siegel's equal protection challenge asserts that the TAA is applied differently than other California statutes regulating occupations. This challenge is predicated on the contention that California applies the TAA to persons, like Siegel, who are not required to comply with the TAA, i.e., non-talent agents. Because it is clear that the TAA applies to all persons who procure employment for artists, the Court finds that there is no merit to Siegel's equal protection claim.

Based on the foregoing, the Court finds that the TAA's application to Siegel is not invalid on federal grounds as alleged in the complaint. Accordingly, Siegel's section 1983 claim must be dismissed.

---

[9] The TAA defines "person" as "any individual, company, society, firm, partnership, association, corporation, limited liability company, manager, or their agents or employees." Cal. Labor Code § 1700.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2480 CAS (SSx) | Date | July 14, 2008 |
|---|---|---|---|
| Title | Rick Siegel v. Edmund G. Brown, et al. | | |

Siegel's claim for declaratory relief under section 2201 fails with his section 1983 claim. Hoeck v. City of Portland, 57 F.3d 781, 786 (9th Cir. 1995) (where the plaintiff's claim for declaratory relief rested on his contention that his due process rights had been violated, the court held that, in light of its holding that the plaintiff's due process rights had not been violated, the plaintiff's claim for declaratory relief was without merit).

**V.   CONCLUSION**

In accordance with the foregoing the Court hereby GRANTS defendant's motion to dismiss with leave to amend. Plaintiff shall file this amended complaint on or before July 31, 2008.

IT IS SO ORDERED.

|  | 00 | : | 01 |
|---|---|---|---|
| Initials of Preparer | PS | | |