O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

RICK SIEGEL                              )      Case No. CV 08-2480 CAS (SSx)
                                         )
                                         )
                      Plaintiff,         )      **ORDER DISMISSING PLAINTIFF'S**
                                         )      **FIRST AMENDED COMPLAINT**
vs.                                      )      **WITH PREJUDICE**
                                         )
ANGELA M. BRADSTREET                     )
                                         )
                      Defendant.         )
                                         )
_____        )
                                         )

I.    **INTRODUCTION**

       Plaintiff Rick Siegel is a personal manager who represents actors, writers, and

other artists in the entertainment industry.  Compl. ¶ 14.  Plaintiff also owns Marathon

Entertainment, Inc. ("Marathon"), a personal management company.  Id.  On April 15,

2008, plaintiff, appearing pro se, filed a complaint against Angela M. Bradstreet,

California State Labor Commissioner, in her official capacity.[1]  The complaint asserts a

_____

       [1] The original complaint also named Edmund G. Brown, Jr., the California Attorney
General, as a defendant.  However, on May 20, 2008, plaintiff filed a notice of dismissal
(continued...)

claim under 42 U.S.C. §§ 1983 et seq. for violation of plaintiff's rights under the Fourteenth Amendment to the United States Constitution, and a claim for declaratory relief pursuant to 28 U.S.C. §§ 2201 et seq.  The gravamen of the complaint is that California's Talent Agencies Act (the "TAA"), Cal. Lab. Code §§ 1700 et seq., is unconstitutional as applied to plaintiff.  This Court granted defendant's motion to dismiss with leave to amend on July 14, 2008.

On July 25, 2008, plaintiff filed his first amended complaint ("FAC").  Defendant filed the instant motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on August 8, 2008.  Plaintiff filed his opposition thereto on August 18, 2008.  Defendant filed a reply on August 29, 2008.  Defendant's motion is presently before the Court.  After carefully considering the parties' arguments, the Court grants defendant's motion with prejudice for the reasons set forth below.

## II.    BACKGROUND

The factual background of this case is known to the parties, and is set forth in the Court's July 14, 2008 order granting defendant's motion to dismiss.  In 2002, plaintiff and Marathon filed three civil actions in Los Angeles County Superior Court, against three former clients who had failed to pay them in accordance with their contracts.[2]  All three defendants responded by filing a petition with the Labor Commissioner pursuant to Cal. Lab. Code § 1700.44(a), alleging that plaintiff and Marathon secured employment without a talent agent's license.

---

[1](...continued)
as to defendant Brown.

[2] Under Fed. R. Evid. 201, a court may take judicial notice of "matters of public record."  Mack v. South Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir.1986).  Accordingly, the Court takes judicial notice of exhibits A-C of defendant's request for judicial notice.  See Def.'s RJN, Ex. A (Labor Commissioner's Decision (Blasi)); Ex. B (Labor Commissioner's Decision (Vardalos)); Ex. C (Labor Commissioner's Decision (Hayes)).  The Court also takes judicial notice of exhibits A-C of plaintiff's request for judicial notice.  See Pl.'s RJN Ex. A (email from defense counsel); Ex. B (1984 Report of the California Entertainment Commission); Ex. C (legislative history of TAA).

Plaintiff filed his initial complaint on April 15, 2008, alleging that the TAA is unconstitutional as applied to him.  Specifically, plaintiff alleges that it is not clear who is subject to the TAA.  Complaint ¶¶ 32-34.  Plaintiff also alleges that because the TAA does not define the term "procurement," it does not provide fair warning of the conduct it prohibits.  Id. ¶ 35.  Additionally, plaintiff attacks the TAA because it does not give notice of the penalty for engaging in prohibited conduct.  Id. ¶¶ 8, 20-27.  Plaintiff further alleges that applying the TAA to personal managers is violative of the equal protection clause of the Fourteenth Amendment.  Id. ¶ 69.  Specifically, plaintiff alleges that by applying the TAA to personal managers, California enforces the TAA in a manner that is different from other statutes regulating other occupations.  Id. ¶¶ 54-69.  Plaintiff also contends that the Labor Commissioner's application of the TAA has, or in the future will, deprive him of property, i.e., his contracts.

In his FAC, plaintiff again alleges that the application of the TAA is unconstitutional.  FAC ¶ 1.  Specifically, plaintiff alleges that (1) the TAA violates the due process clause of the Fourteenth Amendment because it is not "reasonably definite as to what persons and conduct are covered as well as the punishment that can be imposed," (2) defendant's actions in rendering his contracts void ab initio are a violation of the Article 1, Section 10 of the United States Constitution ("the Contracts Clause"), (3) defendant's impairment of his contracts without statutory guidelines constitutes an "unconstitutional deprivation of property and a violation of the Fifth Amendment of [sic] the United States Constitution," and (4) applying the TAA to personal managers is violative of the equal protection clause of the Fourteenth Amendment because in applying the TAA to personal managers, California enforces the TAA differently from the manner in which it enforces other statutes regulating occupations.  Id. ¶¶ 14, 17-24, 25-28.  Plaintiff alleges that these claims arise out of 42 U.S.C. §§ 1983 and 1985.  Id. ¶ 8.  Plaintiff also seeks declaratory relief under 28 U.S.C. §§ 2201 et seq., a permanent injunction, and costs, including reasonable attorney's fees.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### III.    LEGAL STANDARD

A Fed. R. Civ. P. 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations.  Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.  In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir.

1999); <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). <u>United States v. City of Redwood City</u>, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." <u>Schreiber Distrib. Co. v. Serv-Well Furniture Co.</u>, 806 F.2d 1393, 1401 (9th Cir. 1986); <u>see</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV.    DISCUSSION

In order to state a claim against an individual pursuant to section 1983, a plaintiff must allege: "(1) a violation of rights protected by the federal Constitution or created by federal statutes or regulations, (2) proximately caused (3) by the conduct of a 'person' (4) who acted under color of [law]." Martin A. Schwartz, 1A Section 1983 Litigation Claims and Defenses § 1.04(A) (4th ed. 2007) (internal citations omitted). This Court dismissed plaintiff's initial complaint for failure to state a claim under section 1983 on two separate grounds.[3] July 14, 2008 Order at 12-13. First, the Court found that there was no state action because defendant did not act affirmatively but merely exercised her adjudicatory authority to resolve controversies under the TAA. <u>Id.</u> Second, the Court found that plaintiff's claims failed on the merits. <u>Id.</u> at 13.

### A.    State Action

In his FAC, plaintiff acknowledges that "suit would be unnecessary if the [d]efendant served solely as an impartial arbiter," but contends that defendant has shown an interest in "policing over adjudicating." Opp'n at 6. Plaintiff points to a letter

---

[3]Plaintiff's FAC lists 28 U.S.C. § 1985 as an alternative basis for his claims. However, since plaintiff has not alleged any conspiracy, section 1985 is not applicable. <u>Sykes v. State of California</u>, 497 F.2d 197, 200 (9th Cir. 1974).

from Robert A. Jones, acting State Labor Commissioner and Chief Counsel, petitioning the California Supreme Court to depublish the Court of Appeal decision in <u>Marathon Entertainment, Inc. v. Blasi</u>, as evidence that defendant acted as an enforcer rather than an arbiter. <u>Id.</u> at 5.[4]  The Commission's subsequent request for depublication of a California Supreme Court decision does not alter this Court's conclusion that defendant acted as an arbiter in hearing plaintiff's former clients' claims under Cal. Lab. Code § 1700.44(a) because no inference may be drawn from such conduct that the Labor Commissioner is not acting as an impartial arbiter.  Plaintiff's section 1983 claims against defendant therefore fail because she is not a proper defendant to this suit.

### B.    Plaintiff's Claims on the Merits

Plaintiff's claims also fail on the merits.  The Court clearly rejected plaintiff's first claim for relief in its prior order.  July 14, 2008 Order at 12-13.  The Court rejected plaintiff's contention that the TAA failed to put plaintiff on notice that it would apply to him "because the TAA clearly states that a 'talent agency,' is 'a person or corporation who engages in the occupation of' procuring or soliciting employment for an artists." <u>Id.</u> at 14 (citing  Cal. Lab. Code § 1700.4).  Plaintiff now contends that the legislative history of the TAA indicates that the legislature intended to exclude personal managers from TAA regulation.  Opp'n at 17.  However, in its prior order, the Court noted that the TAA does not cover services such as personal management, but does "cover personal managers, like plaintiff, if they solicit and procure employment on behalf of artists." July 14, 2008 Order at 2 (citing <u>Marathon, Inc. v. Blasi</u>, 42 Cal. 4th 974, 988 (2008).

The Court further rejected plaintiff's argument that the TAA's application is unconstitutional because it does not state the consequences for engaging in prohibited conduct. <u>Id.</u>  The Court found that TAA clearly prohibits procurement of employment

_____

[4]In that letter, Mr. Jones argues that incorporating severability into Cal. Lab. Code § 1700 et seq. and allowing a personal manager who has engaged in unlicensed procurement to potentially recover commissions "severely undermines the incentive for compliance with the Act envisioned by the Commission."  Opp'n Ex. A at 4.

for an artist without a license and such contracts are deemed void by statute.  <u>Id.</u> (citing Cal. Civ. Code §§ 1598-99).[5]

The Court also addressed and rejected plaintiff's third claim to the effect that defendant's alleged impairment of his contracts without statutory guidelines deprives him of his property without due process of law.  The Court noted that the TAA clearly prohibits procurement of employment for an artist without a license and such contracts are deemed void by statute.  <u>Id.</u> at 14 (citing Cal. Civ. Code §§ 1598-99).  Therefore, it cannot be said that applying the TAA to plaintiff deprives him of his property without due process of law.  Again, plaintiff's allegations in his FAC are largely unchanged. Plaintiff again argues that the statute does not describe procurement without a license as "illegal" or "criminal" and therefore Cal. Civ. Code §§ 1598-99, which operates to void unlawful contracts, does not apply.  Opp'n at 18-19.  Regardless of the term used, the TAA clearly prohibits unlicensed procurement and such procurement is therefore "unlawful" for the purposes of  Cal. Civ. Code §§ 1598-99.[6]

Furthermore, the Court previously addressed plaintiff's fourth claim to the effect that application of the TAA to personal managers is violative of the equal protection clause of the Fourteenth Amendment. In its prior order, the Court rejected plaintiff's equal protection claim because "it is clear that the TAA applies to all persons who procure employment for artists."  July 14, 2008 Order at 15.  Plaintiff has failed to plead any new facts which would allow the Court to reach the conclusion that the TAA, as

_____

[5]Where a contract is made between parties to do an illegal act, the contract is void. <u>See</u> Cal. Civ. Code § 1598 ("Where a contract has but a single object, and such object is unlawful, whether in whole or in part, or wholly impossible of performance, or so vaguely expressed as to be wholly unascertainable, the entire contract is void."); Cal. Civ. Code § 1599 ("Where a contract has several distinct objects, of which one at least is lawful, and one at least is unlawful, in whole or in part, the contract is void as to the latter and valid as to the rest.").  As such, it is quite clear that a contract to procure employment for an artist without a license will be unenforceable unless severance is available.

[6]Cal. Lab. Code § 1700.5 ("No person shall engage in or carry on the occupation of a talent agency without first procuring a license therefor from the Labor Commissioner.").

enforced, violates the equal protection clause of the Fourteenth Amendment.

Plaintiff's only new claim for relief is his second claim to the effect that defendant's alleged impairment of his contracts violates the Contracts Clause.  FAC ¶¶ 17-21. Plaintiff acknowledges, however, that the prohibition set forth in the Contracts Clause must be "accommodated to oblige States' inherent police power to safeguard the interests of its people." Id. ¶ 18.  Plaintiff argues that the California legislature never provided the Labor Commission with authority to impair contracts under the TAA.  The threshold inquiry in Contracts Clause analysis is "whether the state law has, in fact, operated as a substantial impairment of a contractual relationship."  Campanelli v. Allstate Life Ins. Co., 322 F.3d 1086, 1098 (9th Cir. 2003) (internal citations and quotations omitted).  "In determining the extent of the impairment, a court must consider whether the industry the complaining party has entered has been regulated in the past." Id. (quotations and citations omitted).  Even if a state regulation constitutes a substantial impairment of contract, it is still constitutional if the state has a "significant and legitimate public purpose behind the regulation." Id.  The final step of the Contracts Clause analysis is to determine whether "the adjustment of the rights and responsibilities of contracting parties [is based] upon reasonable conditions and [is] of a character appropriate to the public purpose justifying [the legislation's] adoption." Id. (internal quotations and citations omitted).

Plaintiff's second claim under the Contracts Clause is therefore also without merit. Even assuming arguendo that the defendant's actions were a substantial impairment of plaintiff's contracts, there is a long history of regulation of personal managers in California. Marathon Entertainment, Inc. v. Blasi, 42 Cal.4th 974, 984 (2008) ("[T]he representation of artists is principally governed by the [TAA].  The [TAA's] roots extend back to 1913, when the Legislature passed the Private Employment Agencies Law and imposed the first licensing requirements for employment agents.").  Furthermore, the TAA has a significant and legitimate public purpose, namely, to protect artists from exploitation. Id. ("[T]he Legislature was

concerned that those representing aspiring artists might take advantage of them, whether by concealing conflicts of interest when agents split fees with the venues where they booked their clients, or by sending clients to houses of ill-repute under the guise of providing employment opportunities."). Id. Lastly, the Court finds that the impairment of plaintiff's contracts is reasonable and based on the public purpose underlying the TAA and therefore rejects plaintiff's second claim for relief.

Based on the foregoing, the Court concludes as a matter of law that the TAA, as applied to plaintiff, is not invalid as alleged in his FAC. Accordingly, plaintiff's section 1983 claim must be dismissed. Plaintiff's claim for declaratory relief under section 2201 fails for the same reasons as his section 1983 claim. Hoeck v. City of Portland, 57 F.3d 781, 786 (9th Cir. 1995). Based on the foregoing, the Court denies plaintiff's request for a permanent injunction prohibiting defendant from any future assessment of penalties under the TAA and plaintiff's request for costs, including reasonable attorney's fees.

## V.    CONCLUSION

In accordance with the foregoing the Court hereby GRANTS defendant's motion to dismiss without leave to amend. The Court denies leave to amend because plaintiff can allege no set of facts consistent with his pleading that would cure the deficiencies outlined herein. Each side shall bear its attorneys' fees and costs.

IT IS SO ORDERED.


Dated:  September 9, 2008

_____
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE